**Not For Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEVERSON-ANYJAH HEATLEY, III** : | |
| : | Civil Action No. 16-2525 (ES) |
| Petitioner, : | |
| : | |
| v.  : | |
| : | MEMORANDUM ORDER |
| **STATE OF MICHIGAN,** : | |
| : | |
| Respondent. : | |

**SALAS, DISTRICT JUDGE**

1. This matter is before the Court on the submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Petitioner Neverson-Anyjah Heatley ("Petitioner"). (D.E. No. 1).

2. In his Petition for a Writ of Habeas Corpus filed on May 2, 2016, challenging his 2011 Michigan state court conviction for failure to pay child support in violation of Michigan law 750.162, Petitioner raises three grounds for relief:

> 1. "The criminal court is enforcing a void order."
>
> 2. "The court refused to do a full accounting of my financial ability to pay the assessed award."
>
> 3. "I was never given any opportunity to be heard."

(D.E. No. 1 at 5 & 7-9).

4. On June 15, 2018, this Court ordered the State of New Jersey to file an answer to Petitioner's petition "which addresses, *inter alia*, in custody jurisdiction, exhaustion, timeliness and venue." (D.E. No. 6 at 1).

5. On June 21, 2018, the State of New Jersey filed a response letter indicating that Petitioner does not have a conviction in the state of New Jersey and consequently his petition does not warrant a response from the state. (D.E. No. 7).

6. "Venue for a petition for writ of habeas corpus under § 2254 will lie in the district court for the district in which Petitioner is in custody, or it may be filed in the district court of the district in which the challenged state court proceedings took place . . . ." *Nicholas v. Pa. Attorney Gen.*, Nos. 06-2104, 06-2168 & 06-2169, 2006 WL 3337495, at *1 (M.D. Pa. Nov. 16, 2006).

7. 28 U.S.C. § 1394(b) provides that venue is proper when a habeas petition is filed in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2011).

8. A district court may in its discretion transfer any civil[1] action to any other district where it may have been brought for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a), *Stewart Org., Inc. v. Richoh Corp.*, 487 U.S. 22, 30 (1988). This decision is premised on the weighing of several factors including (1) the plaintiff's choice of forum, (2) the locus of the operative facts, (3) the convenience and relative means of the parties, (4) the convenience of witnesses, (5) the availability of process to compel the attendance of witnesses, (6) the location of physical evidence, including documents, (7) the relative familiarity of the courts with the applicable law, and (8) the interests of justice, including

---

[1] A writ of habeas corpus is considered civil in nature. *See Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000).

the interest of trial efficiency.  *See Smart v. Goord*, 21 F. Supp. 2d 309, 315 (S.D.N.Y. 1998) (citations omitted).

9.   Here, Petitioner's state conviction involves alleged child support violations in Michigan.  Other than Petitioner's current New Jersey residency, his state conviction does not appear to have any nexus to New Jersey.  *See Alston v. Pennsylvania*, No. 16-3355, 2017 WL 1243141, *4 (D.N.J. Jan. 27, 2017) ("Although it appears that [2254] Petitioner has chosen New Jersey as his preferred forum, his choice of forum is outweighed by the factors pointing to Pennsylvania as the better forum.").

10.  Based on the foregoing, this Court orders Petitioner's § 2254 petition be transferred to the United States District Court for the Western District of Michigan.  Accordingly,

IT IS on this 1st day of October 2018,

**ORDERED** that the Clerk shall reopen this case; and it is further

**ORDERED** that the Clerk shall transfer petitioner's habeas petition to the United States District Court for the Western District of Michigan; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail; and it is further

**ORDERED** that the Clerk shall mark this case as closed in this District once the transfer to the Western District of Michigan is complete.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**