UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NEVERSON-ANYJAH HEATLEY, III,

          Petitioner,

v.

STATE OF MICHIGAN,

          Respondent.
_____/

Case No. 1:18-cv-1164

Honorable Janet T. Neff

## **OPINION**

This is a habeas corpus action brought by an individual on probation under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.  Factual Allegations

Petitioner Neverson-Anyjah Heatley, III, presently resides in the State of New Jersey. He has served four years of a five-year term of probation imposed on October 28, 2014, by the Kent County Circuit Court following Petitioner's plea of *nolo contendere* to a charge of failure to pay child support, Mich. Comp. Laws § 750.165. (Pet., ECF No. 1, PageID.1.)

The order compelling Petitioner to pay child support was entered in a Kent County Circuit Court paternity action. (Summons and Complaint, ECF No. 5, PageID.76-80; Default J., ECF No 5, PageID.108-110.) Petitioner sought relief from the judgment, claiming that the court did not have subject matter jurisdiction, because of a parallel proceeding in Florida; but, the court denied relief. (Kent Cty. Cir. Ct. Docket Sheet, ECF No. 5, PageID.120-127; Oct. 24, 2014 Hr'g Tr., ECF No. 5, PageID.131-148.) Petitioner then filed a notice of appeal. The Michigan Court of Appeals dismissed the appeal concluding that the appellate court had no jurisdiction. *Cowart v. Heatley*, No. 324928 (Mich. Ct. App. Order, Dec. 30, 2014). Petitioner should have filed an application for leave to appeal rather than a notice of appeal. *Id*. Petitioner never filed an application for leave to appeal in the Michigan Court of Appeals, nor did he seek relief in the Michigan Supreme Court.

At the same time Petitioner was challenging the child support judgment, he was defending the criminal prosecution under Mich. Comp. Laws § 750.165 for failure to pay the support required by the judgment. Before the trial began, the prosecutor moved to exclude any evidence regarding Petitioner's argument that the Kent County Circuit Court did not have subject matter jurisdiction to enter the child support order. (Pet'r's Br., ECF No. 5, PageID.41.) The prosecutor prevailed. (*Id*.) The court then conducted a hearing to assess Petitioner's claim that he

did not have an ability to pay. (*Id.*) The court concluded Petitioner had an ability to pay the child support. (*Id.*)

At that point, Petitioner had no defense to the "strict liability" failure-to-pay-child-support offense under Mich. Comp. Laws § 750.165. Counsel advised him to enter a plea because the judge might not appreciate having to conduct a trial and might impose a sentence that included imprisonment. (*Id.*, PageID.42.) Petitioner opted to enter a plea of *nolo contendere*. Thereafter he was sentenced to five years probation.

Appellate counsel was appointed for Petitioner. (*Id.*, PageID.43.) At Petitioner's request, counsel filed a motion to withdraw the plea. (6/29/2015 email, ECF No. 5, PageID.208.) The trial court denied the motion. (*Id.*) Counsel indicated that she would not seek leave to appeal that decision on Petitioner's behalf because the result would be a trial on the Mich. Comp. Laws § 750.165 charge to which Petitioner had no defense. (*Id.*) Petitioner never pursued an appeal on his own behalf. Instead, on May 2, 2016, Petitioner filed his habeas corpus petition in the United States District Court for the District of New Jersey. His petition remained pending there until October 1, 2018, when the New Jersey District Court transferred the matter here.

The petition raises 3 grounds for relief, as follows:

I. The criminal court is enforcing a void order.

II. The court refused to do a full accounting of [Petitioner's] financial ability to pay the assessed award.

III. [Petitioner] was never given an opportunity to be heard [in the civil case.]

(Pet., ECF No. 1, PageID.5-8.)

3

II.     AEDPA Standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

III. <u>Exhaustion</u>

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing

upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996; *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996).

Here, Petitioner acknowledges that he has not exhausted any of his claims. (Pet., ECF No. 1, PageID.12.) He has not presented any challenge to the judgment of sentence he attacks by way of this petition to any Michigan appellate court. Even in the paternity action he did not present any of his claims to the Michigan Supreme Court. And, he did not present any of his claims in a procedurally appropriate manner to the Michigan Court of Appeals.

Although Petitioner's failure to exhaust his claims in the state courts bars granting habeas relief, it does not preclude denying such relief on the merits. 28 U.S.C. §2254(b)(2).

IV. Petitioner's Plea

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In Michigan, a plea of *nolo contendere* has essentially the same effect on the criminal prosecution as does a plea of guilty:

> Since a plea of *nolo contendere* indicates that a defendant does not wish to contest his factual guilt, any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed by, a plea of *nolo contendere*. Hence, we hold that a plea of *nolo contendere* has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to prosecute a defendant may be raised on appeal after entry of a plea of *nolo contendere*.

*People v. New*, 398 N.W.2d 358, 363 (Mich. 1986) (footnotes omitted). Thus, a plea of *nolo contendere* waives a claim that the evidence of guilt is insufficient in the same way that a plea of guilty does. *See Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010) (stating that, "[b]y pleading no contest, Post waived any objection to the sufficiency of the evidence"); *United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982) (stating that, "[l]ike a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects' or, more accurately,

any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges against him").

The elements of the crime of felony nonsupport are:

> (1) the defendant was required by a decree of separate maintenance or divorce order to support a child or current or former spouse, (2) *the defendant appeared in or received notice by personal service of the action in which the order was issued,* and (3) the defendant failed to pay the required support at the time ordered or in the amount ordered.

*People v. Herrick*, 744 N.W.2d 370, 372 (Mich. Ct. App. 2007) (quoting *People v. Monaco*, 686 N.W.2d 790, 797 (2004), *aff'd in part and rev'd in part on other grounds* 710 N.W.2d 46 (2006)). Based upon all of the materials Petitioner has submitted, it appears that all of the elements of the crime were present in Petitioner's case. Even if one or more elements were not present, Petitioner's plea waived any claim that the evidence was insufficient to establish the elements of the offense. Thus, by his plea, Petitioner waived his first habeas claim that there was not a valid order to provide child support.

Moreover, there is an "inability to pay" defense if payment is impossible. *People v. Likine*, 823 N.W.2d 50, 74-81 (Mich. 2012). Petitioner's plea also waived any claim that payment was impossible. *Id*. Thus, by his plea, Petitioner also waived his second habeas claim that he was unable to pay the child support.

Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Although Petitioner challenges the power of the state to enter the child support order against him in the paternity action, he does

not question the court's jurisdiction to enforce a child support order by criminal prosecution. Thus, Petitioner's claim does not challenge the power of the state to bring him into court. Furthermore, Petitioner does not claim that his plea was not knowing and voluntary. The heart of Petitioner's challenge is that he should not be held criminally responsible for violating an order that, according to him, was outside the subject matter jurisdiction of the court.

## V. *Rooker-Feldman* Doctrine

This Court may not consider Petitioner's challenge to the Kent County Circuit Court judgment obligating Petitioner to pay child support because review of that judgment is barred by the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine limits the jurisdiction of federal courts to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker–Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

9

Here, Petitioner's third habeas issue challenges the judgment of the state court in the paternity action on due process grounds, claiming that he was never provided an opportunity to be heard on his challenge to subject matter jurisdiction. Petitioner asks nothing less than that this Court relieve him from the paternity action judgment. (Pet., ECF No. 1, PageID.15.) Petitioner's attempt to have this Court review the state court's paternity action judgment is barred by the *Rooker-Feldman* doctrine.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action

does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated: November 8, 2018 /s/ Janet T. Neff
Janet T. Neff
United States District Judge